# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br>CRUZ TORRES-GONZALEZ,<br><br>  Defendant. | CASE NO. 12-CR-4076-GPC<br><br>ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL |

## I. OVERVIEW

On March 28, 2013, following a three-day jury trial, Defendant Cruz Torres-Gonzalez ("Defendant" or "Torres-Gonzalez") was convicted of being a Deported Alien Found in the United States under 18 U.S.C. § 1326, and making a False Statement to a Federal Agency under 18 U.S.C. § 1001. On July 12, 2013, Torres-Gonzalez filed a motion for new trial. The Government filed its response and opposition on August 9, 2013. The motion for new trial raised the following challenges:

(1) insufficiency of the evidence to sustain a § 1326(a) conviction; (2) insufficiency of evidence to establish the "materiality" requirement under § 1001; and (3) the erroneous admission of the testimony of Susan Homewood, a handwriting expert.

On August 16, 2013, the Court held a hearing on Defendant's motion for new trial. Following argument by counsel, the Court orally denied the motion for new trial as to all of

1

ORDER DENYING MOTION FOR NEW TRIAL

the raised grounds except the sufficiency of evidence issue on the "materiality" requirement of § 1001. The Court took this issue under submission. Following careful review and consideration of the parties' arguments and record in this case, the Court finds that there is sufficient evidence to support the "materiality" determination and the 18 U.S.C. § 1001 conviction. As such, the Court DENIES Defendant's motion for new trial.

## II. FACTUAL BACKGROUND

On September 8, 2012, Torres-Gonzalez was arrested by Border Patrol Agent Philip Kader in an area near the Tecate Point of Entry. Following his arrest, Torres-Gonzalez admitted to being a Mexican citizen without authorization to be in the United States. Agent Kader turned over Torres-Gonzalez to Border Patrol Agent Thomas McCormick for processing. Defendant told McCormick that his name was "Juan Ruiz-Gonzalez". Agent McCormick entered the name "Juan Ruiz Gonzalez" into the database. Thereafter, an immigration form was provided to Defendant who signed his name as "Juan Ruiz Gonzalez" and requested a voluntary return to Mexico.

After running Defendant's fingerprints, McCormick determined that Defendant's true name was Cruz Torres-Gonzalez and that he had been previously deported. Based upon this information, Torres-Gonzalez was not allowed to voluntarily return and this prosecution followed.

## III. DISCUSSION

The case presents the question whether a false statement to a Border Patrol Agent that has almost no chance of resulting in the voluntary return of a defendant can nonetheless be "material" for purposes of § 1001. 18 U.S.C. § 1001 provides in pertinent part:

(a) … whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be fined under this title, imprisoned not more than 5 years or, if the offense

ORDER DENYING MOTION FOR NEW TRIAL

> involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

By its terms, 18 U.S.C. § 1001 covers "any" false statement. Torres-Gonzalez argues that even if he provided a false name, the Government has failed to prove the "materiality" of the statement. Torres-Gonzalez argues it is illogical to suggest he thought providing a false name would prevent detection of criminal record where he knew aliens are fingerprinted in all cases and agents do not rely on the name given. Torres-Gonzalez contends that the false statement was incapable of influencing the Border Patrol because agents do not rely on the name given and instead rely on the fingerprint identification of the individual, and thus there was no chance a false name could have affected any action by the agency.

Two circuits have held that the materiality requirement can be satisfied even when the government employee already knew the answers to the questions that produced false responses from the defendant. In *United States v. Goldfine*, the Ninth Circuit stated:

> [W]e believe that the conduct Congress intended to prevent by § 1001 was the willful submission to federal agencies of false statements calculated to induce agency reliance or action, irrespective of whether actual favorable agency action was, for other reasons, impossible. We think the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances.

*United States v. Goldfine*, 538 F.2d 815, 820–21 (9th Cir.1976) (quoting *United States v. Quirk*, 167 F.Supp. 462, 464 (E.D.Pa.1958), aff'd, 266 F.2d 26 (3d Cir.1959)). *Accord United States v. Pereira*, 463 F.Supp. 481, 486–87 (E.D.N.Y.1978) (dictum ). In *Goldfine*, compliance investigators of the Drug Enforcement Administration already knew the defendant, who was a pharmacist, had made out-of-state purchases. The Ninth Circuit held that the registered pharmacist's statement to the effect that he had not made out-of-state purchases when he had in fact made such purchases was material to the investigation even though the investigators already knew that the pharmacist had made such purchases.

In *United States v. Whitaker*, 848 F.2d 914, 916 (8th Cir.1988), the Eighth Circuit held that the knowledge of the government employee at the time the defendant made the false statements is irrelevant to materiality. In that case, the FDIC examiner's knowledge was from

ORDER DENYING MOTION FOR NEW TRIAL

other sources. The Eighth Circuit cited *Goldfine* in support of the proposition that "a false statement can be material even if the agent to whom it is made knows that it is false." *Whitaker*, 848 F.2d at 916.

Further, as noted by the United States Supreme Court in *Brogan v. United States*, 522 U.S. 398, 402 (1998):

> Certainly the investigation of wrongdoing is a proper governmental function; and since it is the very purpose of an investigation to uncover the truth, any falsehood relating to the subject of the investigation perverts that function. It could be argued, perhaps, that a disbelieved falsehood does not pervert an investigation. But making the existence of this crime turn upon the credulousness of the federal investigator (or the persuasiveness of the liar) would be exceedingly strange; such a defense to the analogous crime of perjury is certainly unheard of.

In this case, Agent McCormick did not know that Torres-Gonzalez had provided a false name at the moment that it was given. It was not until the Defendant's fingerprints were run that it was determined that Torres-Gonzalez had made a false statement, i.e. provided a false name. Under *Brogan*, the false statement certainly perverted the investigative function of Agent McCormick. Also, under *Goldfine*, Defendant's false statement was intrinsically capable of influencing the activities of Agent McCormick and was thus material.

## IV. CONCLUSION

The Court concludes that sufficient evidence supports the jury's verdict and the conclusion that Defendant's false statement was material under 18 U.S.C. § 1001. The Court DENIES Defendant's motion for new trial.

**IT IS SO ORDERED.**

DATED: August 21, 2013

_____
HONORABLE GONZALO P. CURIEL

4

ORDER DENYING MOTION FOR NEW TRIAL